IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSICA RENEE LINCOLN                                                    PLAINTIFF

v.                                    Civil No. 4:22-cv-04107

SHERIFF BOBBY WALRAVEN;
GINA BUTLER; POLICE OFFICER
JOHN DOE; JERRY NELSON;
JUDGE TOM COOPER; MICKEY BUCHANAN;
DANNA STONE; GREGG PARRISH;
ALAN SMITH; DEPUTY MARCUS PULLEN;
SANDY DOE; JAILOR ASHLEY;
OFFICER BLACKMAN; JOHN DOE; and
CAPTAIN JOHN DOE                                                       DEFENDANTS

## <u>ORDER</u>

Plaintiff Jessica Renee Lincoln originally filed this 42 U.S.C. § 1983 action *pro se* on November 4, 2022. (ECF No. 1). Along with her Complaint, Plaintiff submitted an Application to Proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Court provisionally filed the Complaint and IFP Motion. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Upon review of Plaintiff's Complaint and IFP Application, the Court determined both were deficient and ordered Plaintiff to submit an amended complaint and completed IFP Application. (ECF No. 3). On November 4, 2022, the Court mailed Plaintiff a blank Complaint form, IFP Application, and directions to submit both by November 28, 2022. (ECF No. 3).

On December 1, 2022, Plaintiff submitted an Amended Complaint and Motion for Leave to Proceed IFP. (ECF Nos. 5, 6). The Court granted Plaintiff leave to proceed IFP on December 2, 2022. (ECF No. 7). However, the Court determined that Plaintiff's Amended Complaint did not clearly state how each named defendant violated her federal constitutional rights and ordered

an additional amended complaint. (ECF No. 9). This second amended complaint was due on December 23, 2022. *Id*. Plaintiff failed to respond with the Court-ordered second amended complaint.

On February 24, 2023, the Court entered an Order to Show Cause, instructing Plaintiff to explain why she failed to submit a second amended complaint. (ECF No. 12). Plaintiff's response was due by March 17, 2023. The Order to Show Cause was not returned as undeliverable, and Plaintiff failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Amended Complaint (ECF No. 5) is **DISMISSED WITHOUT**

**PREJUDICE**.

       **IT IS SO ORDERED**, this 4th day of April, 2023.

                    /s/ Susan O. Hickey
                    Susan O. Hickey
                    Chief United States District Judge

3